UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 23-158 (SRN/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **GOVERNMENT'S** |
| v. | ) **UNOPPOSED MOTION** |
| | ) **FOR PROTECTIVE ORDER** |
| TRAIGH SEAN TILLMAN, | ) |
| | ) |
| | ) |

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Esther Soria Mignanelli and Joseph S. Teirab, Assistant United States Attorneys, hereby respectfully moves the Court for an Order protecting the dissemination and use of law enforcement body-worn camera ("BWC") and other surveillance camera footage in this case, and protecting the distribution of personally identifying information ("PII") of victims and witnesses in this criminal case pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure. Counsel for the defendant confirmed that the defendant did not oppose the government's motion via email on June 9, 2023.

## PROCEDURAL BACKGROUND

The Defendant is charged with one count of felon in possession of a ammunition. (Doc. 1) The United States made its initial discovery disclosures to the defense pursuant to the Court's scheduling order on or before May 15,

2023. The United States informed the defense that BWC and other recordings were available for review at the United States Attorney's Office upon request. The government provided additional disclosures on May 25, 2023, and will continue to provide other discovery via electronic means to Mr. Tillman and his attorney in this case. These materials are voluminous, and contain large quantities of PII (including names, telephone numbers, email addresses, home addresses, Social Security numbers, and dates of birth), and other sensitive video images and information related to a victim of gun violence.

The BWC videos also contain personally identifying information, depict the victim in this case and potential witnesses to this case. Consequently, the government seeks a protective order before disseminating copies of the BWC and other video recordings to the defense.

## DISCUSSION

Federal Rule of Criminal Procedure 16(d)(1) provides that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." This relief may include a protective order to prevent "unwarranted disclosure of the materials which [the defendant and his counsel] may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969). Protective orders are particularly appropriate where disclosure risks the safety of others. *See id.*; *United States v. Pelton*, 578 F.2d 701, 707 (8th Cir. 1978); Fed. R. Crim. P. 16(d)(1), advisory comm. note (1974

2

Amendment). Where the Government is seeking a protective order, it has the burden of showing good cause. *See Pelton*, 578 F.2d at 707; *United States v. Morris*, No. 17-cr-107, 2018 WL 3546198, at *2 (D. Minn. July 24, 2018). The court must then weigh the risks from unprotected disclosure against the potential prejudice that limited disclosure poses to the defendant. *See Pelton*, 578 F.2d at 707. "Among the considerations to be taken into account by the court will be the safety of witnesses and others, a particular danger of perjury or witness intimidation, and the protection of information vital to national security." *United States v. Cordova*, 806 F.3d 1085, 1090 (D.C. Cir. 2015) (cleaned up).

Protective orders are particularly apt to prevent unwarranted public disclosure of law enforcement BWC recordings. *See United States v. Dixon*, No. 18-cr-358, 2019 WL 498805, at *2 (D.D.C. Feb. 8, 2019) (finding that "unrestricted disclosure of the [body-worn camera] material would pose an unnecessary hazard to the victim and witnesses"). Law enforcement policies often encourage officers to begin recording at the earliest opportunity, even before they arrive on-scene, and should continue recording until the incident has come to a full conclusion. *See*, *e.g.*, Saint Paul Police Dep't Manal, 442.18. Body Worn Camera Policy §§ 9, 12 (April 14, 2020) (available at https://www.stpaul.gov/books/44218-body-worn-camera-policy.) As such, BWC recordings frequently, if not always, contain personally identifying information

3

(PII) and other sensitive information of crime victims, witnesses, defendants, fellow officers, and members of the public who interact with the police during the course of the recording. In addition to the potential for BWC recordings to capture such personal and sensitive information, disclosing these recordings without a protective order may threaten the safety of undercover officers, confidential informants, and/or other witnesses. *See Pelton*, 578 F.2d at 707 (affirming the issuance of a protective order to "protect the identity of persons cooperating on the case").

In this case, Mr. Tillman is alleged to be an associate of the Bloods street gang. Based on the investigation to date, including statements made by cooperating sources who are current and former members of the Bloods, law enforcement believes the rules and modus operandi of the Bloods gang involves the use of threats, intimidation, and violence, up to and including murder, to prevent people from cooperating or speaking with law enforcement. Here, the BWC and videos contain images of the victim and witnesses. Their PII and physical appearances should be protected. For these reasons, a protective order is reasonably necessary here.

Moreover, there is no risk of prejudice to the Defendant by issuing such a protective order. The proposed protective order allows the Defendant and his legal defense team to view and use the BWC and other materials for all case-related purposes, including trial and appeal. The proposed protective

4

order simply balances that disclosure with the following six specific and narrow restrictions on the further dissemination, use, viewing, reproduction, and retention of BWC and other sensitive materials.

*First*, the proposed protective order precludes disclosure of BWC and sensitive materials directly or indirectly to any other person, entity, or public forum beyond the legal defense team, the defendant, and court-authorized persons. *Second*, the proposed order permits copying or electronically reproducing the recordings as deemed necessary for use in connection with this case, but not for any other purpose. Defense counsel is reasonably required to maintain such the BWC and sensitive materials and/or any physical or electronic copies in a secured environment that limits access to members of the legal defense team. Copies thus may not be provided to Defendant. *Third*, the proposed order prohibits those who view or hear PII or sensitive information on the recordings from using or disclosing that information. *Fourth*, defense counsel must ensure that the Defendant and other court-authorized viewers do not photograph, take screen shots, or otherwise record or duplicate the BWC materials they view. *Fifth*, defense counsel must provide members of the legal defense team, the Defendant, and any other court-authorized person with a copy of the protective order before providing them with access to, or permitting them to view, the BWC materials. And *sixth*, the proposed order provides that,

5

after this case is resolved, BWC and sensitive materials may be retained by defense counsel so long as they are stored and maintained in a secure manner.

The proposed protective order also ensures that either party can seek a modification of the protective order with the Court after they have had an opportunity to review and analyze the materials.  This provision will prevent any prejudice to the Defendant in the event the legal defense team believes it requires more latitude in preparing for trial.

## CONCLUSION

For all the foregoing reasons, the United States respectfully requests that the Court issue the proposed Protective Order regarding the disclosure of BWC and other sensitive materials because good cause exists to protect the private and sensitive information, as well as the privacy and safety of individuals, captured in the BWC and video recordings.

Dated: June 9, 2023                                  Respectfully Submitted,

ANDREW M. LUGER
United States Attorney

*s/Esther Soria Mignanelli*
BY:  Esther Soria Mignanelli
Attorney ID No. 403004
Assistant United States Attorney