UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 23-cr-158 (SRN/TNL) |
| Plaintiff, | |
| v. | REPORT & RECOMMENDATION |
| Traigh Sean Tillman, | |
| Defendant. | |

---

Ben Tonkin, United States Department of Justice Criminal Division, 1301 New York Avenue Northwest, Washington, DC 20005; and Esther Soria Mignanelli, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

Thomas H. Shiah, Law Offices of Thomas H. Shiah, Ltd., 331 Second Avenue South, Suite 705, Minneapolis, MN 55401 (for Defendant).

---

## I. INTRODUCTION

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Defendant Traigh Sean Tillman's Motion to Dismiss Count 1 of the Indictment, ECF No. 40.[1] This motion has been referred to the undersigned for a report and recommendation to the district court, the Honorable Susan Richard Nelson, District Judge of the United States District Court for the District of Minnesota, under 28 U.S.C. § 636 and D. Minn. LR 72.1.

Defendant is charged via Indictment with one count of being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). ECF No. 1. A hearing

---

[1] Defendant's Motion to Suppress any Evidence Obtained as a Result of Any Illegal Searches, ECF No. 39, has since been withdrawn. *See* ECF Nos. 46, 49, 50, and 51.

1

was held on August 25, 2023. ECF No. 43. Assistant United States Attorney Ben Tonkin appeared on behalf of the United States of America. Attorney Thomas H. Shiah appeared on behalf of Defendant. Post-hearing briefing is now complete, and this motion is ripe for determination by the Court.

## II.   BACKGROUND

Defendant is charged with felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). ECF No. 1 at 1-2. According to the Indictment, Defendant having been convicted of aggravated robbery in the first degree and drug possession in the fifth degree each of which was punishable by a term of imprisonment exceeding one year and knowing he had been convicted of at least one crime punishable by imprisonment for a term exceeding one year, knowingly possessed, in and affecting interstate and foreign commerce, a 9mm round of ammunition. *Id.* at 2.

## III.   ANALYSIS

Defendant argues that the Indictment should be dismissed "because the statute upon which the count is based [18 U.S.C. § 922(g)(1)] is facially unconstitutional and unconstitutional as applied to [him] under the Second Amendment, as interpreted in *New York State Rifle & Pistol Ass[ociatio]n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022)." ECF No. 40 at 1. Defendant explains that "[t]he Second Amendment protects the right to possess and carry firearms." *Id.* And therefore, based on the reasoning in *Bruen*, Defendant argues that the Government cannot "constitutionally regulate the possession or carrying of firearms unless the regulation 'is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms.'" *Id.* (quoting *Bruen*, 142 S. Ct. at 2127).

Defendant acknowledges that in *United States v. Jackson*, 69 F.4th 495 (8th Cir. 2023), the Eighth Circuit Court of Appeals ruled that § 922(g)(1) is constitutional after the Supreme Court's decision in *Bruen*. ECF No. 40 at 2. Defendant argues, however, that the *Jackson* holding relied on a Third Circuit decision, *Range v, Attorney General United States*, 53 F.4th 262 (3d Cir. 2022), *rev'd en banc*, *Range v. Attorney General United States of America*, 69 F.4th 96 (3d Cir. 2023) which has since been reversed. *Id.* Therefore, Defendant implies that the *Jackson* holding is open to question since it relied on a Third Circuit decision that has been reversed.

The Government opposes the motion. The Government contends that Defendant's own motion concedes and acknowledges that *Jackson* found § 922(g)(1) constitutional. ECF No. 42 at 8. The Government further argues the Court is bound by the Eighth Circuit's decision in *Jackson* because "[i]t is black letter law that a district court is 'bound . . . to apply the precedent of this Circuit.'" *Id.* at 9 (quoting *Hood v. United States* 342 F.3d 861, 864 (8th Cir. 2003)). The Government labels Defendant's argument—that *Jackson* is in doubt because the Eighth Circuit relied on a Third Circuit decision that has since been reversed—as a red herring. ECF No. 42 at 8-9. The Government also argues that the Eighth Circuit was aware that the Third Circuit's decision had been vacated *before* the *Jackson* opinion was issued. *Id.* (emphasis added).

In *Jackson*, the defendant was charged with being a felon in possession of a firearm in violation of § 922(g)(1). 69 F.4th at 498. Previously, the defendant "had sustained two convictions in Minnesota for sale of a controlled substance in the second degree." *Id.* The defendant moved to dismiss the indictment arguing that § 922(g)(1) is facially

3

unconstitutional and unconstitutional as applied to him. *Id.* at 499. The district court denied the defendant's motion, and the defendant appealed to the Eighth Circuit. *Id.* at 501. The Eighth Circuit affirmed the district court's decision. *Id.* at 501.

In coming to its holding, the Eighth Circuit first turned to the Supreme Court's decision in *District of Columbia v. Heller*, 554 U.S. 570 (2008), which recognized that an individual right to keep and bear arms should not "be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id.* at 501 (quoting *Heller*, 554 U.S. at 626) (internal quotations omitted). Turning next to *Bruen*, the Eighth Circuit explained that *Bruen* similarly found that the right to keep and bear arms "is 'subject to certain reasonable, well-defined restrictions'" that "do not disturb or cast doubt on the prohibitions." *Id.* at 502 (quoting *Bruen*, 142 S. Ct. at 2156-57). From there the Eighth Circuit held that "[g]iven these assurances by the Supreme Court, and the history that supports them, [the court] conclude[s] that there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)." *Id.*

Moreover, after parsing through the historical prohibitions on the right to possess a firearm, the Eighth Circuit in *Jackson* held that "Congress acted within the historical tradition when it enacted § 922(g)(1) and the prohibition on possession of firearms by felons." *Id.* at 505. Further holding that "[c]onsistent with the Supreme Court's assurances that recent decisions on the Second Amendment cast no doubt on the constitutionality of laws prohibiting the possession of firearms by felons, [the court] conclude[s] that the statute is constitutional as applied to [the defendant]." *Id.* at 505-506.

4

Here Defendant is charged with one count of a felon being in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). ECF No. 1 at 1-2. Per the Indictment, Defendant having two convictions each of which was punishable by a term of imprisonment exceeding one year and knowing he had been convicted of two crimes punishable by imprisonment for a term exceeding one year, knowingly possessed, in and affecting interstate and foreign commerce, a 9mm round of ammunition. *Id.* at 2. Thus, as to Defendant's as-applied challenge and applying the reasoning outlined in *Jackson*, § 922(g)(1) is constitutional as applied to Defendant.

Furthermore, following *Jackson*, the Eighth Circuit clarified in *United States v. Cunningham*, 70 F.4th 502, 506 (8th Cir. 2023), that *Jackson* was in the context of the defendant's as-applied challenge. But nonetheless, the Eighth Circuit held in *Cunningham* that "[t]he longstanding prohibition on possession of firearms by felons is constitutional." *Id.*

Turning to Defendant's facial challenge, Defendant's argument that § 922(g)(1) is facially unconstitutional fails because the Eighth Circuit found the prohibition on possession of firearms by a felon constitutional in *Cunningham* and that decision is binding on this Court. *See also United States v. Andrews*, No. 18-CR-149 (SRN/DTS), 2023 WL 4974766 (D. Minn. Aug. 3, 2023) (finding the "constitutionality of § 922(g)(1) solidly confirmed in this Circuit"). And Defendant's reliance on *Bruen* is misplaced because *Jackson* also acknowledged that *Bruen* did not cast doubt on prohibitions on the right to bear arms. 69 F.4th at 501-502.

Lastly, the Court declines to embrace the reasoning of the Third Circuit in *Range* because the Court is not bound by the Third Circuit. The Court is bound to apply the precedent of the Eighth Circuit because the Court is located within the Eighth Circuit. *See Hood*, 342 F.3d at 864 (finding district court was bound to apply the precedent of the Eighth Circuit). This is well-established law. *See Calzone v. Summers*, 942 F.3d 415, n.8 (8th Cir. 2019) ("In the absence of a controlling Supreme Court decision to the contrary, the district court as well as any panel of this court, was bound to apply this circuit's precedent."); *United States v. Wright*, 22 F.3d 787, 788 (8th Cir. 1994) ("[A] panel of this Court is bound by a prior Eighth Circuit decision unless that case is overruled by the Court sitting en banc."). It is settled that the Court is bound by the decisions in *Jackson* and *Cunningham* and the Court must apply the precedent from those decisions. Moreover, it is important to note that *Jackson* included a cite to the order vacating the Third Circuit decision. 69 F.4th at 502. In addition, the *Range* decision was vacated before the *Jackson* decision was issued. *Id.; see also Range v. Att'y Gen. United States of Am.*, 56 F.4th 992 (3d Cir. 2023) (granting rehearing en banc and vacating previous decision).

Accordingly, the Court recommends that Defendant's Motion to Dismiss Count 1 of the Indictment, ECF No. 40, be denied.

### IV. RECOMMENDATION

Based upon the foregoing, and all files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's Motion to Dismiss Count 1 of the Indictment, ECF No. 40, be **DENIED**.

Date: October 27, 2023                s/ Tony N. Leung
                                      Tony N. Leung
                                      United States Magistrate Judge
                                      District of Minnesota

                                      *United States v. Tillman*
                                      Case No. 23-cr-158 (SRN/TNL)

# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.